May it please the court, Anna Rose Matheson for Appellants, Oksana Baiul and Oksana Ltd. I'll try to reserve four minutes for rebuttal. I'd like to begin by focusing on the remand issue. And the starting point there is the statutory text can be read to impose essentially an ongoing requirement that defendants served after removal also consent to that removal. So the statutory text here is 1446B2. That is the basis of the unanimity requirement, which requires that for actions removed under, when actions are removed under 1441, which is effectively the vast majority of removals, all defendants who are properly joined and served must join in or consent to the removal. So the statutory text doesn't say defendants who are properly joined and served at the time of removal must join in. And consent is obviously something that can be done after the fact. And indeed, in this case, the Mendelsohn defendants were not served until after removal, but they nevertheless filed a joinder in that removal on its own before this issue had even been raised, suggesting that they at least thought that was a requirement. And this court has already recognized in the Atlantic case that both parties cite frequently in their briefs that it is possible to read the unanimity requirements to apply to defendants served not only before removal, but after removal as well. So in the Atlantic case, the court said it was an unsettled issue on whether or not the unanimity requirement applied to defendants served after removal. But you cite Atlantic for the proposition that the defendant served after notice of removal, but before filing a remand motion must consent to removal to avoid remand. But I don't think that's what Atlantic says. In Atlantic, a later served defendant opposed removal and exercised his right to force a remand. So did the defendants on ICE 2, I guess, ever weigh in at all or even appear in this lawsuit? No, they haven't, Your Honor. Do you have any other authority for your proposition that a later served defendant does not oppose remand, destroys federal jurisdiction? Well, the basis for the unanimity requirement or the basis for a remand motion is 1447, and it does not apply, it does not provide only defendants or only plaintiffs may make it. It does not apply solely to defendants. So what the court said in Atlantic is that it was an unsettled issue whether or not unanimity applied to defendants served. If it does apply, the usual rule is that a plaintiff may make a motion for remand based on a defect in service. That is the general rule of remand set out in 1447C, and it is not limited to solely defendants. So if it is true that a defendant served after removal may on their own make a motion for remand, there is no reason in the statutory text to limit that to only defendants. Do you have any other case other than Atlantic in your view that supports that? No, but there's none that go the other way either. As Atlantic said, this is essentially an unsettled issue of first impression. That goes the other way because it's not what you're asking and stating or asserting is not required. Well, but Your Honor, if you read, so there's only one unanimity requirement, right? That is 1446B2. So that's the statutory basis. If that requirement applies after removal, which NBC actually suggests, which Atlantic suggests it does, and NBC actually suggests on page 14, note 4, it's briefed that it would as well, that it is a requirement defendants must all consent. There is no reason to impose a limit. So actually, I should clarify, there is the old Third Circuit case that was pre-Power Act that did in that context seem to suggest a later served defendant. It was a right limited to later served defendants. I wanted to ask you regarding the finality issue. I think you argue the New York judgment was not final with regard to the Mendelsohn defendants because those defendants were dismissed from the New York action without prejudice. Did you make that argument before the district court? We did, Your Honor, not in response to the initial motion. I saw your response to NBC's motion for judgment on the pleadings filed below. I didn't see where you argued finality with regard to the Mendelsohn defendants, and the district court did not address that argument in its order. So I'm just trying to figure out if that argument is waived. It is not waived, Your Honor. It's at docket 112, which is not included in the exerture record. I apologize for that. But so if you remember, the procedural posture here was a little bit unusual. What is that 112? What's that docket? It's an objection to the proposed judgment submitted by NBC. But so just to recap and explain why the initial failure to do that shouldn't constitute a waiver here, NBC first made a motion, a 12B6 motion. It did not include the res judicata issue in that. It then switched courses and moved to stay pending the result of the STNY. It then switched courses again and made a 12C motion for judgment on the pleading. And that was where it raised the res judicata issue. And so I think at this point everyone agrees a 12C motion was improper in that context. There's the direct circuit precedent, the Doe case of this circuit, that says a 12C motion made before the close of the pleadings, as this one was, is procedurally improper and should be denied. So Oksana responded, argued that in response, argued against NBC's motion for preclusion. Did not separately address the Mendelsohn defendants, but the Mendelsohn claim preclusion issue, but they had simply filed a one-page joinder. That is, no one on either side had specifically argued whether or not that there should be claim preclusion as to the Mendelsohn defendants. Mendelsohn's sentence was simply a one-page joinder in a procedurally improper 12C motion. And since neither side had argued it should apply to the Mendelsohn defendants, when the judge did, in his order, apply it not only to NBC, but also the Mendelsohn defendants and On Ice Incorporated, which has obviously never said anything or never made any motions in this, Oksana then moved to oppose that and made these same arguments, and that's in the docket 112 I cited to you, saying it is not appropriate as to the Mendelsohn defendants and On Ice Incorporated to apply claim preclusion here because Mendelsohn and OII were never served in the SDNY action. That court explicitly dismissed them without prejudice, and Mendelsohn Entertainment Group had never even been named in the SDNY action. You also argue that we have to look at the elements of the New York causes of action, compare them to the elements of the California causes of action, in order to determine under California law whether the two cases asserted the same primary right and therefore had identical claims. But it looks like Boken versus Philip Morris states that the determinative factor is the harm suffered, not the specific remedy or the legal theory advance, and so I just wanted to ask you how you reconcile the language in Boken, and do you contend that the harm suffered here is different than the harm suffered in the New York action? Yes, Your Honor. And so first to be clear, this is only the claim preclusion as to NBC, as to the Mendelsohn defendants that was the separate issue we spoke of a minute ago. But as to NBC, yes, under California primary rights theory, you look at the harm that caused the plaintiff, the corresponding duty of the defendants. And so here in Oxana's second amended complaint, which is the one that the court below found precluded, she included claims such as a violation of the right of privacy and publicity for advertising, which is a very distinct harm than the conversion theories. That is a separate harm to have your likeness and your image used for advertising to promote someone else's cause than the simple breach of contract or fraud type actions that were at issue in the New York action. But I would like to go back to the remand issue because I do think what this court has said time and again is if there is any ambiguity, if there is a question on remand statutes, remand statutes must be strictly construed against removal. That is a clear and undisputed rule. And NBC bears the burden here. And so as this court has already held, there is ambiguity in the remand statute, in the text of 1446B2. That is the unanimity rule can be read to apply to defendants who are served after removal. As Mendelsohn filed its own joinder here, even though it was in that position, as NBC seems to claim. NBC focuses on the text of 1448, which is what that old Third Circuit case, the Lewis case, focused on, to say that this right should somehow, even though before removal, for defendants served before removal, either plaintiffs or defendants can raise these defects. That somehow, even though it's still the same unanimity rule, after removal, only defendants can raise this as a defect in the removal process. They point to 1448, which is the statute that provides generally, after removal, a plaintiff can serve other defendants. The last line of that statute is essentially a saving provision that says, for defendants served under this section, the section shall not deprive any defendant, upon who process is served, of his right to move to remand. That is, that section doesn't create a separate right in defendants to move to remand. It simply shall not deprive any defendant of his right to move for remand. You wanted to keep four minutes? Yes. But I wanted to focus that the right to remand is the right set out in 1447C, and that applies equally to defendants and plaintiffs. Thank you very much. Go ahead. Good morning, Your Honor, and may it please the Court. My name is Prashanth Chennakesavan, and I represent Appali NBC Sports. I will be splitting my time today with Mr. Pilot, who represents the Mendelsohn defendants, and we've agreed that I will have ten minutes and Mr. Pilot will have five minutes. I will watch the clock to make sure that I stop at the end of my ten minutes. The district court here was dealing with at least the twelfth complaint filed in four different jurisdictions. Which district court are you talking about? Excuse me? This district court below. Judge Pregerson was dealing with at least the twelfth complaint filed in four different jurisdictions, all of which sought the same relief for the same alleged wrong, the alleged failure of NBC to pay royalties based on the broadcast of the video of Ms. Bayou's 1994 performance of Nutcracker on Ice. It properly concluded, based on the Southern District of New York's judgment, which has been affirmed by the Second Circuit, that all of her claims here are raised judicata, that they're precluded under federal preclusion rules. Now, before we get to preclusion, I'd like to briefly address the removal issue that my colleague just brought up. 1446, the text is clear, and it starts, when a civil action is removed, when a civil action is removed, solely under section 1441A, all defendants who have been properly joined and served must join in or consent to the removal of the action. Their position would have this court read out the first phrase, when a civil action is removed, and also read out a second phrase, that all defendants who have been properly joined and served must join in the removal. There's no ambiguity in that statute, and as Your Honor pointed out, there is no court that has ever held that a later service of a defendant somehow creates in a plaintiff a right to allege that the later served defendant is somehow non-consenting. Counsel, it strikes me as to read it any other way would not make sense. The defendants who have been served have a time limit in which to remove the case, do they not? That's correct, and it's within 30 days of service, Your Honor. It strikes me at some point, the poor district judge needs to, speaking as a district judge, I'm somewhat sympathetic, they've got to know when they can start working on a case or not. And if you have a defendant who hasn't been served at the time of removal and then comes into the case six months later, and that does happen, and they don't consent, then all of a sudden all of that work is taken away from the court and sent back to the state court. Is that appropriate? Section 1448 answers that question, Your Honor, and it says that the later service of a defendant doesn't deprive that defendant of its right to seek a remand. So I think Congress has spoken on this issue, and it says that unfortunately in that scenario where you have a later served defendant who comes in after there's some activity in the case, that that defendant's right to remand cannot be stripped by the failure of a plaintiff to serve timely in the earlier portion of the case or any of the prejudice because that defendant has an independent right. And we'd also like to quickly address, Your Honor, while the briefing below was focused on removal based on diversity jurisdiction, if you look at the court's order denying or granting the motion to dismiss the first amended complaint, that was based entirely on copyright preemption. The copyright statute vests in the federal court's exclusive jurisdiction under 28 U.S.C. 1338. So the notion that this could somehow belong in state court just doesn't work under 1338 because the Copyright Act vests in this court exclusive jurisdiction. I'd like to turn, if I may, to the preclusion issue, which my colleague, I believe, didn't really address, and that is the choice of law that applies when a federal district court is evaluating the preclusive effect of a prior judgment issued by a federal court exercising federal question jurisdiction. There's no dispute here that the Southern District of New York was exercising federal question jurisdiction. That's the judgment that this court was trying to give preclusive effect to. And the district court concluded that based on federal preclusion rules that any cause of action that arises out of the same transactional nucleus of operative fact would be precluded under federal law. Now, the court below, as part of its analysis, assumed that it had to look to California law first in order to determine how to treat a prior federal court's judgment when the prior court is sitting in federal question jurisdiction. And that was based on this court's Constantini decision in 1982, which said that a district court sitting in diversity must look to state law. But should this court rely on Constantini to apply federal preclusion principles, even though it appears that California's subsequent cases conclude that Constantini was maybe not correctly decided? Your Honor, two answers to that. The first step of the analysis is whether a district court is even required to take the California detour. And we suggest that there is some tension between Constantini on the one hand and what Semtec and Taylor, the Supreme Court's decisions in 2001 and 2008, and what you recently also held in Daewoo in November of 2017. Because all of those cases say that when a subsequent court is evaluating the preclusive effect of a federal question judgment, a federal question judgment, only the Supreme Court gets to decide how that judgment is treated. So we would suggest that the Constantini analysis of looking to state law first in order to determine how the state would treat a federal question judgment is questioned by Daewoo and certainly by Semtec and Taylor. The second answer, Your Honor, is if we assume that we do have to take this California detour, what discretion does a California court have when it comes to analyzing a federal question judgment? And Semtec answers this question. And the court in Semtec says that a state cannot give a federal question judgment whatever preclusive effect it would give its own judgment. So even if we take the California detour and look to what a California court would do, the discretion of the California court is limited by Semtec. And the California Court of Appeal has already evaluated this. The district judge relies on Louis v. BFS, a 2009 case that was decided after Semtec. And the California Court of Appeal in Louis relies on Semtec and says, however, when a prior federal judgment was based on federal question jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law. And so to the extent that there's some disagreement in the pre-Semtec California body of law, we would say has been effectively overruled by Semtec, and the language in Semtec and the language in Taylor is unequivocal. So to answer your question, Your Honor, even if we take the California detour, we end up at the same point, and that's the detour that the district court took. However, under what you held in Daewoo, we're not sure if the Constantini detour is required or even warranted or allowed when a court is evaluating a prior federal question judgment. With respect to we would like to briefly address, Your Honor, subject to any other questions on preclusion, the one other issue that was briefed before this court, which is whether or not the district court properly converted the Rule 12C motion to a Rule 12B6 motion. I believe my colleague said that this was highly improper and there's some kind of procedural defect. This court has always endorsed the district court's authority when there is a procedurally improper motion to convert that to the procedurally proper motion. There is no doubt that at the time of the conversion, NBC had a right to file a Rule 12B6 motion based on race judicata. And the reason is because in the intervening time, the Southern District of New York had entered a judgment dismissing all of Appellant's claims with prejudice as to NBC. And the district court certainly exercised the discretion that it had. And one last point on finality. I just want to clarify that. We don't take a position with respect to the Mendelson parties. Mr. Pallett will be addressing that issue. But at least with respect to NBC, there's absolutely no question that the Southern District of New York's judgment was final. It's been affirmed by the Second Circuit and the cert has been denied. It has preclusive effect. And I'm close to the end of my time, so unless there are more questions, I'd like to yield to Mr. Pallett. Good morning, Your Honors. I represent Mr. Mendelson and Mendelson Entertainment Group, LLC, neither of whom ever entered into a contract with Petitioner Bayou. No lawyer in this court represents any entity named On Ice, Inc. My client adopts the arguments presented by counsel for NBC Universal. My client's... Did you join in NBC's motion for judgment on the pleadings below in which it argued race judicata? Yes, we did, Your Honor. Our claims, too, are barred by race judicata. The briefs adequately set forth the several courts which have considered Petitioner's claims, have consistently ruled against her, and have sanctioned her counsel. All courts want to make certain that each person has a full and complete opportunity to have his or her grievances be heard. In this case, I submit that Petitioner has had ample opportunities. There comes a point in time when the judicial system itself has to say, enough. We have reached that time with respect to Petitioner's grievances, no matter how characterized. There are, however, other litigants with meritorious claims requiring this court's attention. When illicit claims can be presented and re-presented and re-presented in court after court, this court's resources are simply overburdened. Unless courts protect innocent parties from meritless claims, the public loses respect for the judicial system. The legal system should not be manipulated into the extortion system. And finally, if at first you don't succeed, try, try, try, try, try again, should not be emblazoned over our courthouse doors. Thank you. Thank you. I'd like to begin responding to Judge Bastian's question about the burden on district courts here. And actually, there is a simple answer to this, and that is 1447C, which provides that a motion to remand based on a defect in removal must be made within 30 days. And so that essentially avoids the gamesmanship that is a concern if you interpret the rule in a way that makes it look like a game. And so, in this case, the court decided to only apply to defendants who are served before removal. In this case, NBC removed just eight days. There are other cases in Atlantic where a defendant removed based on a courtesy copy of the complaints before any defendants had been served, essentially trying to get it there as quickly as possible to prevent any other. That doesn't give the plaintiff the right, if the defendant has the right, to file a motion to remand. It doesn't give the plaintiff the right to object to federal court handling the case simply because the defendant didn't consent months ago when the other defendant removed the case. And that's, I think, where you're extending the statute beyond what the statute clearly says. Well, the usual rule is that either defendant in 1447C, either plaintiff or defendant, can object. In Desvino, one of the cases cited in the brief, it was a unanimity issue brought by the plaintiff claiming a defect in unanimity. And the court there ultimately determined that none of the defendants had ever been properly served, but never suggested that this unanimity problem is one that should only reside for defendants. The text of the statute providing for unanimity doesn't distinguish. This court has held that plaintiffs can usually exercise it. And there's no basis for essentially saying after removal, the unanimity rule is still there, but it somehow switches from a basis for objecting to removal jointly held by both defendants and plaintiffs to one only held by a defendant. And there's no issue with having it be months and months later. Either defendants or plaintiffs must make this motion within 30 days. But this essentially eliminates the gamesmanship, which you saw here, and are in many other cases, where plaintiffs would essentially need to strategize about who to serve first, and defendants could quickly remove, in some cases, to divest the other defendants who might want to stay in state court at that rate. I'd now like to move on to the copyright issue addressed. The district court here only ruled for remand on diversity. It was clear it was focusing on diversity jurisdiction. NBC only removed based on diversity. It actually had a typo where it included federal question jurisdiction, and didn't include diversity jurisdiction in its initial removal, but then filed a correction. That's at docket 24, saying it was only removing based on diversity jurisdiction. Next, there was a question, Your Honor, about whether, just to clarify something I may have said earlier, Mendelsohn did file a joinder in the judgment on the pleadings. That's at docket number 94, to be clear. So they filed a one-page joinder, but made no additional separate arguments, and it was reasonable for Oksana to not address the problems with this procedurally improper motion, simply to ask the party the arguments that were made in those motions. Thank you very much.
judges: Bea, Murguia, Bastian